IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PAULA JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>EAST ST. LOUIS, ILLINOIS,<br>ROBERT EASTON,<br>And DELETRIA HUDSON,<br><br>Defendants. | ) | Case No. 12-cv-0716-MJR-SCW |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Three weeks ago, Paula Johnson filed a complaint in this Court, along with a motion seeking leave to proceed in forma pauperis. The complaint alleged that the City of East St. Louis and two of its officials failed for over a year to take action to address Johnson's complaints regarding the condition of abandoned homes on North 24th Street in East St. Louis, and further alleged that the officials lied to Johnson about having issued citations to homeowners in violation of City ordinances. Johnson claimed that these actions violated RICO (the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, *et seq.*) and constituted intentional infliction of emotional distress on her (a state law claim over which the Court could assert subject matter jurisdiction supplemental to the federal RICO claims).

On June 26, 2012, the Court issued an Order concluding that Johnson's motion failed to pass initial review under 28 U.S.C. § 1915(e)(2). First, the Court explained, Johnson lacked standing to present the RICO claims alleged in her complaint, and the Seventh Circuit views standing as a threshold *jurisdictional*

requirement. ***See, e.g., Evans v. City of Chicago,*** **434 F.3d 916, 924-25 (7th Cir. 2006).** Second, the undersigned Judge found that even if Johnson had standing, her complaint failed to state a claim on which relief could be granted and thus must be dismissed under § 1915(e)(2).

Johnson responded to the dismissal Order by filing, three days later, a "Motion in Opposition of Unlawful Dismissal of Complaint" (Doc. 6). Johnson proceeds pro se, and the undersigned Judge liberally construes her pleadings, treating her motion as one seeking reconsideration of or relief from the June 26th Order.

Johnson's motion characterizes the dismissal Order as unlawful, as constituting "Obstruction of Justice," and as a "Vast Judicial Overreaching." Primarily, Johnson takes issue with the fact the Court issued the dismissal Order *before* Defendants were served and made to answer her allegations in court. The motion cites Federal Rule of Civil Procedure "60(b)(3)(4)" (Doc. 6, p. 1), which the Court interprets as referencing two separate subsections of Rule 60 – (b)(3) and (b)(4).[1]

Rule 60(b)(3) permits a court to relieve a party from a judgment or order based on fraud, misrepresentation, or misconduct by an opposing party. Rule 60(b)(4) permits relief if the judgment itself is void. Johnson is entitled to relief under neither subsection of Rule 60(b). Nor is relief merited under the other subsections contained in

[1] Generally, motions in civil actions asking a district court to revisit a ruling, reconsider an order, or set aside a judgment are analyzed as filed under Federal Rule of Civil Procedure 59(e)(motions to alter or amend a judgment) or 60(b)(motions for relief from a judgment *or order* on various grounds). Whether a given motion "should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." ***Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008).** Johnson's motion, filed within three days of this Court's Order, is construed as a motion seeking relief under Rule 60(b).

that rule (e.g., mistake, inadvertence, surprise, excusable neglect, newly discovered evidence).

As Johnson plainly is aware, Defendants were not served herein, so there is no evidence of any fraud, misrepresentation or misconduct perpetrated by them in connection with this lawsuit. (In other words, there is no action by Johnson's adverse parties – Defendants – which prevented Johnson from fully presenting her case, or induced her to act to her detriment herein.) Additionally, Johnson has cited no reason why the Court's judgment is void. Johnson criticizes the Court for dismissing the case before Defendants were served and made to file answers. But as the Court's prior Order noted, the federal statute allowing a party to proceed in forma pauperis -- which Johnson sought to do herein -- *requires* the district court to dismiss the action on initial review (before any defendants are served), if the complaint fails to state a claim upon which relief can be granted. The Court's Order explained why Johnson had lacked standing to bring RICO claims for the conduct she outlined in her complaint, how standing is a necessary part of jurisdiction, and how even assuming Johnson had standing, the complaint did not allege any facially plausible claims allowing her to proceed with a suit in this federal court.

Johnson's June 29, 2012 motion expresses frustration with and misunderstanding of the undersigned Judge's dismissal Order, but she has not stated any reason that warrants altering, amending, or vacating the Order. That is true whether the motion is analyzed under Rule 60(b) or Rule 59(e).[2]

---

[2] Rule 59(e) relief may only be granted if a movant shows a manifest error of law or he presents newly discovered evidence that could not have been discovered previously. ***See, e.g., Heyde v. Pittenger*, 633 F.3d**

Accordingly, the Court **DENIES** Johnson's motion (Doc. 6).

IT IS SO ORDERED.

DATED July 5, 2012.

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge

---

**512, 521 (7th Cir. 2011); *Abcarian v. McDonald,* 617 F.3d 931, 943 (7th Cir. 2010); *Egonmwan v. Cook County Sheriff's Dept.,* 602 F.3d 845, 852 (7th Cir. 2010).** Although Rule 59(e) enables a court to correct its own errors, it is "not appropriately used to advance arguments … that could … have been made before the district court rendered a judgment, or to present evidence that was available earlier." ***Miller v. Safeco Ins. Co. of America,* -- F.3d --, 2012 WL 2370104, *5 (7th Cir. June 25, 2012).**